UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRIENDS OF THE CLEARWATER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN WORD, in his official capacity as Forest Supervisor Nez Perce-Clearwater National Forests, and the U.S. FOREST SERVICE,<br><br>Defendants.<br><br>and<br><br>AMERICAN FOREST RESOURCE COUNCIL,<br><br>Proposed Defendant-Intervenor. | Case No. 3:25-cv-00567-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

**I. BACKGROUND**

This case commenced on October 3, 2025, when Friends of the Clearwater sued the United States Forest Service ("the Forest Service").[1] Dkt. 1. Specifically, the Complaint challenges the Forest Service's approval of six new logging and construction projects, as well as two previously approved and litigated projects, on the Nez Perce-Clearwater National Forest.[2] *Id.* at 1.

On April 23, 2026, the American Forest Resource Council ("AFRC") filed a Motion

---

[1] Because Defendant John Word is sued only in his official capacity and shares counsel with the Forest Service, this brief refers to both defendants collectively as "the Forest Service."
[2] The Amended Complaint does not alter these challenges. *See* Dkt. 22.

MEMORANDUM DECISION AND ORDER - 1

to Intervene under Federal Rule of Civil Procedure 24(a) and alternatively Rule 24(b), asserting an interest in the approval of the logging and building projects. *See generally* Dkt. 18. Friends of the Clearwater responded with a memorandum in opposition to the Motion. Dkt. 24. AFRC replied. Dkt. 27. The Forest Service has not taken a position on AFRC's Motion. *See* Dkt. 18-2, at 11.

For the reasons stated below, the Court GRANTS AFRC's Motion to Intervene.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 24 authorizes intervention as of right[3] or permissive intervention.

Rule 24(a) contains the standards for intervention as of right. It provides that a court must permit anyone to intervene who, on timely motion "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The Ninth Circuit distilled this provision into a four-part test:

> (1) [T]he application for intervention must be timely; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (citation modified). Failure to satisfy any of these requirements is fatal to a motion. *Cooper v.*

---

[3] Also referred to as mandatory intervention.

MEMORANDUM DECISION AND ORDER - 2

*Newsom*, 13 F.4th 857, 865 (9th Cir. 2021). The party moving for intervention bears the burden of showing it satisfies each requirement. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).

Rule 24(b) also gives the court discretion to allow permissive intervention to anyone who has a claim or defense sharing a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(B). This discretion is broad. *United States v. $129,374 in U.S. Currency*, 769 F.2d 583, 586 (9th Cir. 1985). "In exercising its discretion," courts must also "consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In the Ninth Circuit, permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citations omitted).

### III. DISCUSSION

#### A. Mandatory Intervention

The parties do not dispute that AFRC satisfies the first three elements for mandatory intervention. Thus, the Court addresses only the fourth element: adequacy of representation.

The burden on a proposed intervenor to show inadequate representation is minimal and is satisfied by demonstrating that representation of its interests may be inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). To determine whether an existing party adequately represents an applicant's interests, courts consider three factors:

MEMORANDUM DECISION AND ORDER - 3

> [W]hether (1) the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) the present party is capable and willing to make such arguments; and (3) a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Id.* (citation omitted). The government is presumed to provide adequate representation unless the applicant makes a compelling showing otherwise. *Id.*

All three factors weigh in favor of adequacy in this case. AFRC and the Forest Service share the ultimate goal of "having the projects and the associated timber sales timely implemented." Dkt. 18-3, at 10. AFRC's claim that the Forest Service's broader interests will prevent it from advancing AFRC's arguments is mere speculation. AFRC has neither demonstrated a divergence of interests nor identified *any* specific arguments it seeks to advance which the Forest Service is unwilling or incapable of making. Further, AFRC fails to indicate any necessary elements it contributes to the litigation that the Forest Service would neglect to bring to the Court's attention itself.

Because AFRC failed to make a compelling showing that the Forest Service will not adequately represent its interests, it is not entitled to mandatory intervention.

**B. Permissive Intervention**

However, AFRC meets the requirements for permissive intervention in this instance.

The first requirement, an independent ground for jurisdiction, is not relevant in a federal-question case. The requirement is intended to prevent the enlargement of federal jurisdiction where the proposed intervenor seeks to bring in new state-law claims. *Freedom from Religion Found., Inc.*, 644 F.3d at 844. But here, AFRC does not bring new claims. Dkt. 18-2, at 15–16.

MEMORANDUM DECISION AND ORDER - 4

The second requirement, the timeliness of AFRC's motion, is met as previously stated.

The third requirement is met because AFRC's objectives in both fact and law closely align with the Forest Service's. The parties "share[] the goal of defeating Plaintiff's claims and having the projects and the associated timber sales timely implemented." Dkt. 18-3, at 10. That said, AFRC will provide a helpful perspective on the interests of its members and the impact of any timber sales—or cancellations of timber sales—on their ongoing operations and the local economy. Because the Forest Service will (likely) take a broader approach as a federal agency, AFRC's participation will highlight these narrower concerns and be beneficial to the ultimate resolution of the issues presented in this case.

Lastly, it is unlikely the additional briefing resulting from intervention will unduly delay or prejudice Friends of the Clearwater.[4] Any such burden is minimal and outweighed by "the additional light the intervenor may shed [,which] . . . will be helpful to the Court." *Barcia v. Sitkin*, 89 F.R.D. 382, 384 (S.D.N.Y. 1981).

In sum, intervention here will aid completeness as AFRC brings the "perspective of members directly affected by the requested relief." Dkt. 27 at 9. Accordingly, the Court exercises its discretion and GRANTS AFRC's Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(b).

///

///

---

[4] In fact, the Parties have already outlined a scheduling order that includes AFRC—which the Court adopted. *See* Dkts. 21, 23. Thus, today's order will not delay or burden any party.

MEMORANDUM DECISION AND ORDER - 5

## IV. ORDER

1.  AFRC's Motion to Intervene (Dkt. 18) is GRANTED.

DATED: June 18, 2026

_____
David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6