UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

FRIENDS OF THE CLEARWATER,

Plaintiff,

v.

JOHN WORD, in his official capacity as Forest Supervisor Nez Perce-Clearwater National Forests, and the U.S. FOREST SERVICE,

Defendants.

and

AMERICAN FOREST RESOURCE COUNCIL,

Intervenor,

and

THE IDAHO ASSOCIATION OF COUNTIES, INC.,

Proposed Defendant-Intervenor.

Case No. 3:25-cv-00567-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is The Idaho Association of Counties, Inc.'s ("IAC") Motion to Intervene. Dkt. 34. Defendants have not taken a position on IAC's Motion (Dkt. 34, at 1), Plaintiffs oppose the Motion (Dkt. 36), and Intervenor American Forest Resource Council ("AFRC") has committed to work with IAC to streamline matters to the extent practical.

Upon review, and for the reasons below, the Court GRANTS the Motion.

## II. BACKGROUND

On October 3, 2025, Plaintiffs filed suit, challenging the Forest Service's approval of eight land management projects located in the Nez Perce-Clearwater National Forest. *Id.* at 1. On April 23, 2026, AFRC filed a Motion to Intervene. *See generally* Dkt. 18. The Court ultimately granted that Motion. Dkt. 33.

IAC recently moved to intervene as well. Dkt. 34. IAC is an educational and advocacy organization for Idaho's counties. Idaho County, where each of the challenged projects is located, is an IAC member.

Like AFRC, IAC seeks the Court's leave to intervene as a matter of right, or alternatively, with the Court's permission. It argues such is warranted because its rights will not be adequately represented by any of the existing Defendants.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 24 authorizes intervention as of right[1] or permissive intervention.

Rule 24(a) contains the standards for intervention as of right. It provides that a court must permit anyone to intervene who, on timely motion "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The Ninth Circuit distilled this provision into a four-part test:

(1) the application for intervention must be timely; (2) the applicant must

[1] Also referred to as mandatory intervention.

> have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (citation modified). Failure to satisfy any of these requirements is fatal to a motion. *Cooper v. Newsom*, 13 F.4th 857, 864 (9th Cir. 2021). The party moving for intervention bears the burden of showing it satisfies each requirement. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).

## IV. DISCUSSION

The parties agree IAC satisfies the first three elements for mandatory intervention. Plaintiffs challenge, however, IAC's assumption that the existing Defendants cannot sufficiently represent its interests. Thus, the Court addresses only the fourth element: adequacy of representation.

The burden on a proposed intervenor to show inadequate representation is minimal and is satisfied by demonstrating that representation of its interests may be inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). To determine whether an existing party adequately represents an applicant's interests, courts consider three factors:

> [W]hether (1) the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) the present party is capable and willing to make such arguments; and (3) a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Id.* (citation omitted). The government is presumed to provide adequate representation unless the applicant makes a compelling showing otherwise. *Id.*

Having considered the relevant factors, the Court finds IAC has persuasively explained why the Forest Service and AFRC cannot adequately represent its interest.

While there are undoubtedly overlapping arguments and interests between the three Defendants, there are important differences. For example, as a federal agency, the Forest Service has a broader legal and statutory interest and looks at nationwide policy objectives. AFRC, in turn, solely represents the interests of its industry members. IAC, and specifically Idaho County, has a unique interest in this litigation because all eight of the challenged projects are located within its borders. Idaho County is the largest county in Idaho encompassing approximately 5.5 million acres. Approximately 4.5 million acres, roughly 86 percent of the County, are federally managed lands. About 2.4 million acres of those lands are designated wilderness and effectively unmanaged. As a result, federal land management decisions have a direct impact on Idaho County's social, economic, ecological, public health, and public safety interests.

For these reasons, the Court finds IAC has met its burden to intervene as a matter of right.[2] Accordingly, the Court exercises its discretion and GRANTS IAC's Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a).

**V. ORDER**

1. IAC's Motion to Intervene (Dkt. 18) is GRANTED.
2. IAC's proposed Answer (Dkt. 34-1) is accepted as filed.
3. The Court APPROVES the Parties' recent Stipulation regarding scheduling (Dkt.

[2] In light of this finding, the Court need not discuss permissive intervention.

42) which contemplated the Court granting IAC's motion. The deadlines outlined therein shall govern moving forward.

DATED: August 25, 2026

David C. Nye
U.S. District Court Judge