UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRIENDS OF THE CLEARWATER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN WORD, in his official capacity as Forest Supervisor Nez Perce-Clearwater National Forests, and the U.S. FOREST SERVICE,<br><br>Defendants.<br><br>and<br><br>AMERICAN FOREST RESOURCE COUNCIL and IDAHO ASSOCIATION OF COUNTIES, INC.,<br><br>Intervenors. | Case No. 3:25-cv-00567-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Federal Defendants and Defendant-Intervenors' joint Motion to Set Briefing Schedule. Dkt. 51. These Parties ask the Court to stay the current summary judgment deadlines and set a schedule on Plaintiff's Motion for Judicial Notice and their forthcoming Motion to Strike Extra-Record Evidence. *See generally id*. Plaintiff opposes the motion in part. Dkt. 55. Upon review and for the reasons set forth below, the Motion is GRANTED.

## II. BACKGROUND

On October 3, 2025, Plaintiff filed suit, challenging the Forest Service's approval of eight land management projects located in the Nez Perce-Clearwater National Forest. Dkt. 1. The Court subsequently allowed two parties to intervene. Dkts. 33, 43.

On May 4, 2026, the Court issued an Order setting deadlines for Motions to Supplement the Administrative Record and Motions for Summary Judgment. Dkt. 23.

On July 24, 2026, the Court entered a Docket Entry Order approving an extension to July 31, 2026, of the deadline for the identification of materials necessary to supplement or complete the record. Dkt. 40.

On August 17, 2026, Federal Defendants filed their Notice of Completing and Correcting the Administrative Record, based on Federal Defendants' and Plaintiff's conferrals about the contents of the Administrative Record. Dkt. 41.

On September 18, 2026, Plaintiff filed its Motion for Summary Judgment (Dkt. 44) accompanied by a Motion to Take Judicial Notice. Dkt. 45. Plaintiff asks the Court to take notice of a 2025 Biological Opinion and multiple declarations (Dkts. 46-50), one of which is the Declaration of Christopher Servheen, Ph.D., which consists of 432 pages, including a Compendium of scientific articles cited therein.

Federal Defendants and Defendant-Intervenors assert the 2025 Biological Opinion is improper extra-record evidence and thus oppose Plaintiff's Motion to Take Judicial Notice. Federal Defendants and Defendant-Intervenors further assert the Servheen Declaration is extra-record evidence that should be stricken from the record.

Federal Defendants and Defendant-Intervenors now move the Court for an order staying summary judgment briefing to take up these two issues. Dkt. 51. Considering the deadlines are already underway (or approaching), the Court expedited briefing. Dkt. 52. In response, Plaintiff notes some modifications to the briefing schedule may be necessary, but object to a wholesale stay of summary judgment briefing. *See generally* Dkt. 55.

## III. DISCUSSION

Over the years, the Court has discussed the somewhat confusing interplay between "supplementing" the administrative record, "completing" the administrative record, seeking to admit extra-record evidence, or taking "judicial notice" of materials for purposes of summary judgment. *See, e.g.*, *Yellowstone to Uintas Connection v. Bolling*, 2021 WL 5702158, at *2 (D. Idaho Dec. 1, 2021).

Generally speaking, the Court has tried to take a comprehensive approach so that all parties had a full and fair opportunity to present their facts, evidence, and arguments. This does not mean the Court always granted such requests or motions. Sometimes the Court has allowed supplementation or completion. *See, e.g.*, *id*. Sometimes it has not. *See, e.g.*, *Friends of Rapid River v. Probert*, 427 F. Supp. 3d 1239, 1265 (D. Idaho 2019), *aff'd in part, dismissed in part*, 816 F. App'x 59 (9th Cir. 2020). Still other times, the Court has simply taken judicial notice of the requested items. *See, e.g.*, *Yellowstone*, 2021 WL 5702158 at *11.

In some instances, timing was such that the Court ruled on the scope and extent of the record *before* summary judgment briefing took place; other times, the parties had to brief the matters simultaneously.

The Court's purpose in recounting prior circumstances is to illustrate there is no one-size-fits-all answer to the substantive question at play or the procedural format for evaluating those questions.

In this case, Federal Defendants and Defendant-Intervenors seek to respond to Plaintiff's Motion to Take Judicial Notice and argue why such is improper on substantive and procedural (timing) grounds. They also seek to strike additional evidence they believe is not properly before the Court or that lacks standing. And even more recently, Plaintiff served expert disclosures on Federal Defendants and Defendant-Intervenors which Defendants now assert *may* require limited discovery.

The Court does not like to delay matters unnecessarily. It is a proponent of Rule 1 and seeks to adjudicate cases in a "just, speedy, and inexpensive" manner. *See* Fed. R. Civ. P. 1. However, sometimes the best way to accomplish this goal is to slow things down. By staying summary judgment briefing until the Motion to Take Judicial Notice and forthcoming Motion to Strike are both sorted out—along with any potential discovery—the Court ensures both parties know what materials will be considered going into summary judgment. If the Court allows the extra-record evidence, Federal Defendants and Defendant-Intervenors will clearly know what they need to address at summary judgment thus avoiding two sets of arguments (one considering the extra-record evidence; one not). If the Court does not allow the extra-record evidence, the issues will be narrowed and save the time and expense briefing matters not before the Court. And, of course, the parties will know whether discovery will or will not be allowed.

Either way, it is more economical to address the scope of the record *before* engaging

in summary judgment briefing.

Relatedly, the Court appreciates Plaintiff's concern that it could potentially be forced to respond to three separate motions (and reply to three separate responses) depending on how the Defendants' filings come in, which would *not* be economical.

To avoid the potential of multiple briefs, the Court orders Defendants collectively file a single, consolidated Motion to Strike and response to Plaintiff's Motion for Judicial Notice.[1] Plaintiff will then file a consolidated brief responding to Defendants' Motion and replying to its own Motion. Defendants will then reply to their Motion to Strike. [2]

In sum, the Court STAYS briefing on summary judgment and orders as follows:

| **EVENT** | **DATE** |
|---|---|
| Federal Defendants and Defendant-Intervenors' combined and consolidated Motion to Strike Extra-Record Evidence and Response to Plaintiff's Motion for Judicial Notice | October 30, 2026<br><br>(not to exceed 20 pages) |
| Plaintiff's combined response to Defendants' Motion to Strike and reply to Motion for Judicial Notice | November 20, 2026<br><br>(not to exceed 20 pages) |
| Defendants' reply in support of Motion to Strike | December 4, 2026<br><br>(not to exceed 10 pages) |

[1] The Court recognizes there are two distinct issues at play and each *could* warrant separate briefing. But Plaintiff's opening brief in support of its Motion to Take Judicial Notice is a mere two pages. Dkt. 45, at 3–4. Including arguments on this matter in the forthcoming Motion to Strike is efficient and economical.

[2] If there are significant disagreements or material differences between the Federal Defendants and Defendant-Intervenors' arguments or approach to any of these issues, such could be noted in a footnote or summary paragraph at the beginning or end of the document. But the Court will only be accepting a single document.

## IV. ORDER

1. Federal Defendants and Defendant-Intervenors' Motion to Set Briefing Schedule (Dkt. 51) is GRANTED as outlined above.
2. Briefing on the Motion/s for Summary Judgment is STAYED and will be reset after the Court rules on the Motion to Take Judicial Notice and forthcoming Motion to Strike.

DATED: October 20, 2026

David C. Nye
U.S. District Court Judge